# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANTHONY SAMUEL DILLARD,<br><br>    Plaintiff,<br><br>  v.<br><br>ANDREW IRVIN, *et al.,*<br><br>    Defendants. | Case No. 3:22-cv-285-JMK |

## **SCREENING ORDER**

Self-represented state prisoner, Anthony Samuel Dillard ("Plaintiff") filed a civil rights complaint ("Complaint") against Andrew Irvin, Brandon Jones, Robert G. Hunt, J. Marble, Christina Knauer, Leslie Ramos, Ken Killian, Ian Losby, and the Commissioner[1] for the Alaska Department of Corrections ("DOC").[2] Plaintiff filed a motion to waive prepayment of the filing fee and a motion for court-appointed counsel.[3]

The Court screened Plaintiff's Complaint in accordance with 28 U.S.C. § 1915A. Liberally construed,[4] the Complaint appears to state a plausible claim

---

[1] Plaintiff named Nancy Dahlstrom in her official capacity as the DOC Commissioner. Docket 1 at 3. Jen Winkelman shall be substituted for her predecessor pursuant to Fed. R. Civ. Pro. 25(d).

[2] Docket 1.

[3] Dockets 3–4.

[4] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted).

for violations of Plaintiff's federal constitutional rights against only Defendant Irvin. This means that Plaintiff's claims against Defendant Irvin will not be summarily dismissed at this time but may proceed to the next stage of litigation. However, Plaintiff has not provided sufficient facts to put any of the remaining defendants on notice of the basis for the claims. Absent more, Plaintiff fails to state a claim against any of the remaining defendants, so those claims may not proceed at this time. Plaintiff is accorded **30 days** to file an amended complaint or notify the Court of his intent to proceed only on his claims against Defendant Irvin.

## DISCUSSION

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[6] Factual allegations may not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[7] *Ashcroft,* 556 U.S. at 678.

Case No. 3:22-cv-285-JMK, *Dillard v. Irvin et al*
Screening Order
Page 2 of 8
Case 3:22-cv-00285-JMK   Document 5   Filed 09/08/23   Page 2 of 8

To prevail on a civil rights claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.[8] In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.[9] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[10]

A plaintiff may join multiple defendants in one action only where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."[11] Unrelated claims against different defendants must be pursued in separate lawsuits.

As pleaded, Plaintiff has not set forth specific factual allegations demonstrating how the any defendant other than Defendant Irvin violated his rights. These types of specific details are required to demonstrate a plausible claim, a defendant's liability, and the harm or injury incurred. In any amended

---

[8] *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).

[9] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[10] *Id.*

[11] Fed. R. Civ. P. 20(a)(2).

Case No. 3:22-cv-285-JMK, *Dillard v. Irvin et al*
Screening Order
Page 3 of 8
Case 3:22-cv-00285-JMK   Document 5   Filed 09/08/23   Page 3 of 8

complaint, Plaintiff must identify (1) the specific harm that a plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. Plaintiff need not include legal reasoning or briefing. Plaintiff should state the facts in his own words, as if he were briefly and concisely telling someone what happened.

An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaint in its entirety.[12] Plaintiff must include all of the claims he seeks to bring, including restating any claims against Defendant Irvin. Any claims not included in the amended complaint will be considered waived.

## MOTION FOR COURT-APPOINTED COUNSEL

Before the Court at Docket 4 is Plaintiff's Motion for Appointment of Counsel. The Court understands Plaintiff's concerns. However, there is no federal right to an appointed attorney in a civil action.[13] A district court may, under "exceptional circumstances . . . request an attorney to represent any person unable to afford counsel."[14] In order to request counsel,

> [a] district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is

---

[12] See Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

[13] See *Turner v. Rogers*, 564 U.S. 431, 441, 131 S. Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[14] 28 U.S.C. § 1915(e)(1).

Case No. 3:22-cv-285-JMK, *Dillard v. Irvin et al*
Screening Order
Page 4 of 8
Case 3:22-cv-00285-JMK   Document 5   Filed 09/08/23   Page 4 of 8

dispositive; rather they must be considered cumulatively.[15]

Plaintiff has demonstrated that he is able to articulate his claims, understand the legal issues involved, and comply with the applicable rules of civil procedure, such that this case is not an "exceptional" one that necessitates the assistance of counsel. Further, federal courts have no authority to require attorneys to represent indigent litigants in civil cases.[16] Rather, when a court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment.[17] The Court does not have a list of volunteer attorneys from which it may request counsel to represent Plaintiff. Therefore, Plaintiff's Motion at Docket 4 is **DENIED.**

The Court will refer this case to the Federal Pro Bono Project. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time. Plaintiff should continue to attempt to procure his own counsel on a contingency or other basis, if at all possible.

**IT IS THEREFORE ORDERED:**

---

[15] *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).

[16] *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[ ] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

[17] *Id.*

Case No. 3:22-cv-285-JMK, *Dillard v. Irvin et al*
Screening Order
Page 5 of 8
Case 3:22-cv-00285-JMK   Document 5   Filed 09/08/23   Page 5 of 8

1. Plaintiff is accorded **30 days from the date of this order** to file an amended complaint, notify the Court of his intent to proceed only on his claims against Defendant Irvin, or voluntarily withdraw this action.

2. Plaintiff shall not attempt service until the Court issues an Order Directing Service and Response that explains the requirements of completing service. The Court will not authorize service on any defendant who is not specifically linked to a violation of Plaintiff's rights.

3. Plaintiff's Application to Proceed without Prepaying the Filing Fees at Docket 3 is **GRANTED**. Federal law requires that a prisoner may only waive prepayment of the fees associated with civil lawsuits.[18] The Court cautions Plaintiff that should he proceed, the Court shall issue a separate order on the collection of the filing fee, and he would be obligated to pay the filing fee incrementally until the $350.00 filing fee is paid in full.[19]

4. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the

---

[18] 28 U.S.C. § 1915(a).

[19] *See* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (The $52 administrative fee for filing a civil action, suit, or proceeding in a district court does not apply to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

Case No. 3:22-cv-285-JMK, *Dillard v. Irvin et al*
Screening Order
Page 6 of 8
Case 3:22-cv-00285-JMK   Document 5   Filed 09/08/23   Page 6 of 8

unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[20]  Failure to comply may result in dismissal of this action.

5.  Plaintiff's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE.**

6.  Plaintiff is expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[21]  Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

7.  Plaintiff must be ready to diligently pursue the case to completion.  Missing a deadline or otherwise failing to pursue a case may result in the dismissal of this action.

8.  If Plaintiff does not file either an Amended Complaint, a Notice of Intent to Proceed, or a Notice of Voluntary Dismissal **within 30 days from the date of this order,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.  This dismissal would count as a "strike" against

---

[20] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[21] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:22-cv-285-JMK, *Dillard v. Irvin et al*
Screening Order
Page 7 of 8
Case 3:22-cv-00285-JMK   Document 5   Filed 09/08/23   Page 7 of 8

Plaintiff under § 1915(g).[22] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

9. The Clerk of Court is directed to send Plaintiff the following forms with this order: (1) Prisoner Complaint for Violation of Civil Rights (form PS01) with "FIRST AMENDED" written above the title; (2) Notice of Voluntary Dismissal (form PS09); and (3) Notice of Change of Address (form PS23).

DATED this 8th day of September, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[22] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:22-cv-285-JMK, *Dillard v. Irvin et al*
Screening Order
Page 8 of 8
Case 3:22-cv-00285-JMK   Document 5   Filed 09/08/23   Page 8 of 8