# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ANTHONY SAMUEL DILLARD,

    Plaintiff,

v.

ANDREW IRVIN,

    Defendant.

Case No. 3:22-cv-285-SLG

## ORDER RE PENDING MOTIONS

Pending before the Court are two motions filed by self-represented prisoner Anthony Samuel Dillard ("Plaintiff"), one regarding service of process in this case and another seeking the entry of a default judgment against Defendant Irvin. Defendant Irvin is no longer employed by the Alaska Department of Corrections (DOC) and has not been properly served in this case.

### Service of Summons and Complaint

The U.S. Marshal attempted to serve Defendant Irvin at his last known address, as provided confidentially by DOC. However, the U.S. Marshal was unable to execute service because "Defendant no longer resides at the address provided."[1] It is unclear from the filing whether the U.S. Marshal attempted to personally serve Defendant Irvin or if the operative complaint and summons were

---

[1] Docket 15.

mailed to the confidential address. It is also unclear how the U.S. Marshal determined Defendant Irvin was no longer at that address.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action . . . or order that service be made within a specified time."[2] While it may be difficult for a self-represented, indigent, and incarcerated litigant to properly effectuate service, "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4."[3] However, self-represented prisoners are entitled to rely upon service by the U.S. Marshals and "should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required."[4] "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....' " for failing to serve a defendant.[5] In this case, Plaintiff complied with the Court's *Order re Service* by completing the necessary forms and returning them to

---

[2] Fed. R. Civ. P. 4(m).

[3] *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").

[4] *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

[5] *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)) .

Case No. 3:22-cv-285-SLG, *Dillard v. Irvin*
Order Re Pending Motions
Page 2 of 7
Case 3:22-cv-00285-SLG   Document 23   Filed 10/15/24   Page 2 of 7

the Marshals. Therefore, the Court finds there is good cause to grant Plaintiff another 60 days to attempt to effectuate service on Mr. Irvin.

To that end, the Court ORDERS the Marshal to reattempt to serve Defendant Irvin pursuant to Rule 4 of the Federal Rules of Civil Procedure. If service by registered or certified mail is unsuccessful, the Marshal shall attempt to personally serve Defendant at his last known address. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service, the Marshal is directed to file a declaration or affidavit with the Court that describes his efforts to serve Mr. Irvin and reasons for the lack of success to effect service. That affidavit shall be filed no later than **45 days** from the date of this order.

Plaintiff may elect to pursue service on Mr. Irvin without the assistance of the Marshals in any manner compliant with Federal Rule of Civil Procedure 4. However, the Court declines to provide any information from Defendant's confidential personnel file to Plaintiff; and neither the Court nor the Marshals will conduct any investigation into the whereabouts of any defendant.

If Proof of Service is not filed within 60 days of the date on this order, this action may be dismissed without prejudice and without further notice to Plaintiff.

### Bill for Marshall's Attempted Service

The U.S. Marshal filed a Bill of Costs for the attempted service of process.[6] However, Plaintiff is not required to pay those costs at this time. Rather, the U.S.

---

[6] Docket 16.

Case No. 3:22-cv-285-SLG, *Dillard v. Irvin*
Order Re Pending Motions
Page 3 of 7
Case 3:22-cv-00285-SLG   Document 23   Filed 10/15/24   Page 3 of 7

Marshal's service fee will be taxed as costs in this case, pursuant to 28 U.S.C. §§ 1920(1) and 1921(a)(1)(A) and included in any final judgment.[7]

## Default Judgment

At Docket 17, Plaintiff filed a motion for default judgment because Defendant Irvin has not answered or otherwise responded to the First Amended Complaint. However, a defendant is not required to respond to a complaint unless and until properly served.[8] Because service has not been properly effectuated on the defendant,[9] a default judgment is not appropriate at this time.[10] Therefore, Plaintiff's motion at Docket 17 is DENIED.

## Change of Address

On May 21, 2024, Plaintiff filed a notice of change of address[11] indicating he was transferred to the Spring Creek Correctional Center, so future mail should be sent to Spring Creek Correctional Center, Mile 5 Nash Road, P.O. Box 2109, .Seward, AK 99664.

---

[7] *See also* 28 U.S.C. § 1915(f).

[8] *See* Rule 4 of the Federal Rules of Civil Procedure. *See also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").

[9] *See* Federal Rules of Civil Procedure 4(c)(1) and 4(j)(2); Alaska Rules of Civil Procedure 4(d)(7) and (8).

[10] *See* Fed. R. Civ. P. 55.

[11] Docket 20.

Case No. 3:22-cv-285-SLG, *Dillard v. Irvin*
Order Re Pending Motions
Page 4 of 7
Case 3:22-cv-00285-SLG   Document 23   Filed 10/15/24   Page 4 of 7

However, mail sent to Plaintiff at that address has recently come back to the Court as undeliverable.[12] Although Plaintiff is responsible for providing correct and current contact information to the Court, the Court takes judicial notice of the correct mailing address for inmates at Spring Creek. Accordingly, the Clerk shall update Plaintiff's address to the mailing address listed on DOC's public website[13] and send this order to:

> Anthony Samual Dillard
> # 456288
> Spring Creek Correctional Center
> 3600 Bette Cato Avenue
> Seward, AK 99664

IT IS THEREFORE ORDERED:

1. Plaintiff's motion at **Docket 17 is DENIED.**

2. Plaintiff's motion at **Docket 19 is GRANTED** to the extent that Plaintiff is granted an additional **60 days** to properly serve Defendant Irvin.

3. The Clerk of Court shall send another court-issued summons for Defendant Irvin and Form USM-285 (U.S. Marshals Service Process Receipt and Return) to Plaintiff with this order.

---

[12] Docket 22.

[13] *How do I send mail to a prisoner at SCCC,* State of Alaska Department of Corrections, Institutions, Spring Creek, Mail, https://doc.alaska.gov/institutions/spring-creek-mail (last visited Sept. 18, 2024).

Case No. 3:22-cv-285-SLG, *Dillard v. Irvin*
Order Re Pending Motions
Page 5 of 7
Case 3:22-cv-00285-SLG   Document 23   Filed 10/15/24   Page 5 of 7

4. Plaintiff shall complete the Form USM-285 as described below, except Plaintiff shall write "Last Known Address provided by DOC" in place of defendant's address.

5. To complete the Form USM-285 properly, Plaintiff must include all of the following:

   a. the parties' complete full names (below Plaintiff(s) and Defendants(s) respectively;
   b. the case number, after "Court Case Number";
   c. the defendant's full name and address, in the "Serve At" section;
   d. the number of process to be served (will be 1 per form); and
   e. Plaintiff's signature, along with a phone number and date.

6. Plaintiff must then send the completed court-issued summons form, completed Form USM-285, one copy of the First Amended Compliant, and one copy of this order to:

> United States Marshal Service
> 222 West 11th Avenue, Box 28
> Anchorage, Alaska 99514

7. Upon receipt of these documents, the U.S. Marshal shall then take all reasonable steps to promptly effect service on Mr. Irvin consistent with a manner authorized by Rule 4, Federal Rules of Civil Procedure. The Marshal shall reattempt to serve Defendant at the address previously provided by DOC as explained above or the Marshal can instead file a declaration/affidavit explaining the basis for his conclusion that Defendant is no longer at the address provided by

Case No. 3:22-cv-285-SLG, *Dillard v. Irvin*
Order Re Pending Motions
Page 6 of 7
Case 3:22-cv-00285-SLG   Document 23   Filed 10/15/24   Page 6 of 7

DOC and is therefore unable to be served. That declaration/affidavit shall be filed no later than **45 days** from the date of this order.

    8. The Clerk shall update Plaintiff's address to Spring Creek Correctional Center, 3600 Bette Cato Avenue, Seward, AK 99664 before mailing this order.

    DATED this 12th day of October 2024, at Anchorage, Alaska.

                                      */s/ Sharon L. Gleason*
                                      SHARON L. GLEASON
                                      UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-285-SLG, *Dillard v. Irvin*
Order Re Pending Motions
Page 7 of 7
Case 3:22-cv-00285-SLG   Document 23   Filed 10/15/24   Page 7 of 7